UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacob Geiselhart,<br><br>      Plaintiff,<br><br>vs.<br><br>Brachfeld Law Group, P.C., *a foreign professional corporation*, and LVNV Funding, LLC, *a foreign limited liability company*,<br><br>      Defendants. | Civil File No.: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and Defendants' Invasions of Plaintiff's Privacy.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, pursuant to 15 U.S.C. § 1692k(d), and under 28 U.S.C. § 1367 for pendent state law claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Jacob Geiselhart ("Geiselhart" or "Plaintiff") is a natural person residing in the County of Anoka, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Brachfeld Law Group, P.C. ("BLG" or "Defendant"), upon information and belief, is a foreign professional corporation that operates as a debt collection agency from an address of 100 East Campus View Boulevard, Suite 225, Columbus, Ohio 43235. Brachfeld is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant LVNV Funding, LLC ("LVNV" or "Defendant"), upon information and belief, is a foreign limited liability company that operates as a debt collection company from an address of 1300 East Ninth Street, Cleveland, Ohio 44114. LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief, LVNV is the employer, master, principle and/or joint venturer of BLG, and LVNV is vicariously liable for the acts and omissions of BLG and BLG's employees.

## FACTUAL ALLEGATIONS

8. Plaintiff allegedly incurred a financial obligation with Washington Mutual for a credit card, which was later purchased by Citibank after Washington Mutual cease operations. Citibank is a creditor as that term is defined by 15 U.S.C. § 1692a(4).

9. The alleged obligation was primarily for personal, family or household purposes, which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely a consumer debt.

10. Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff sometime before June 2011.

11. Beginning on or about June 6, 2011 and continuing through June 29, 2011, BLG initiated a telephone collection campaign against Plaintiff in an attempt to collect a debt from Plaintiff with the purpose and intent to harass, annoy and abuse Plaintiff.

12. During these telephone calls, BLG, and in particular, Robert Delelles ("Delelles"), who was employed as a debt collector by BLG at BLG's office in Columbus, OH at all times relevant herein, contacted Plaintiff's co-workers, contacted Plaintiff at his place of employment, and contacted Plaintiff at his home.

13. Specifically, for example, Delelles contacted Plaintiff's co-worker, Sherry L. Corniea ("Corniea") on or about June 6, 2011 in an attempt to collect a debt from Plaintiff and in connection with the collection of a debt.

14. During this telephone conversation, Delelles told Corniea that he was planning on sending garnishment paperwork to garnish Plaintiff's wages for a debt owed by Plaintiff.

15. Based upon information and belief, Delelles is not a licensed attorney.

16. Based upon information and belief, none of the attorney's at BLG are licensed attorneys in the state of Minnesota and BLG has never garnished wages from a Minnesota consumer.

17. At no time was there a judgment against Plaintiff for the alleged financial obligation, which would have made it possible for any person to garnish Plaintiff's wages.

18. Delelles violated 15 U.S.C. § 1692b on or about June 6, 2011 because Delelles communicated with a third party in connection with the collection of a debt without following the procedures outlined in § 1692b(1)—(6).

19. Delelles violated 15 U.S.C. § 1692c(b) on or about June 6, 2011 because Delelles communicated with a third party in connection with the collection of a debt without the consent of Plaintiff.

20. Delelles violated 15 U.S.C. § 1692d on or about June 6, 2011 because Delelles engaged in conduct with the purpose and intent to annoy, harass and abuse Plaintiff.

21. Delelles violated 15 U.S.C. § 1692e(2)(A) on or about June 6, 2011 because Delelles misrepresented the character and legal status of the debt allegedly owed by Plaintiff.

22. Delelles violated 15 U.S.C. § 1692e(5) on or about June 6, 2011 because Delelles threatened to take an action against Plaintiff that could not legally be taken.

23. Delelles violated 15 U.S.C. § 1692e(10) on or about June 6, 2011 because Delelles employed false and deceptive means in an attempt to collect a debt from Plaintiff.

24. On or about June 7, 2011, Delelles contacted Plaintiff at his place of employment in an attempt to collect a debt from Plaintiff.

25. During this telephone conversation, Delelles told Plaintiff that BLG was going to garnish Plaintiff's wages and garnish up to 35 percent of Plaintiff's wages unless Plaintiff agreed to a payment plan or a settlement agreement.

26. Again, at no time did Citibank have a judgment against Plaintiff, which would have allowed anyone to garnish wages from Plaintiff.

27. Minnesota and federal law prohibits a party from garnishing more than 25 percent of consumer's net income.

28. Delelles violated 15 U.S.C. § 1692d on or about June 7, 2011 because Delelles engaged in conduct with the purpose and intent to harass, abuse and annoy Plaintiff.

29. Delelles violated 15 U.S.C. § 1692e(2)(A) on or about June 7, 2011 because Delelles misrepresented the character and legal status of the debt.

30. Delelles violated 15 U.S.C. § 1692e(4) on or about June 7, 2011 because Delelles unlawfully represented and implied that non-payment of the debt would result in garnishment of Plaintiff's wages.

31. Delelles violated 15 U.S.C. § 1692e(5) on or about June 7, 2011 because Delelles threatened to take a legal action against Plaintiff that could not be taken.

32. Delelles violated 15 U.S.C. § 1692e(10) on or about June 7, 2011 because Delelles employed false and deceptive means in an attempt to collect a debt from Plaintiff.

33. On or about June 9, 2011 Delelles left a voicemail for Plaintiff's co-worker, Dan Olynick, in connection with the collection of a debt and in an attempt to collect a debt from Plaintiff.

34. During this voicemail, Delelles said the following:

> This message is for Jacob Geiselhart. My name is Robert. I'm calling from Brachfeld Law Group. Federal law requires me to advise this is an attempt to

> collect a debt. Any information obtained will be used for that purpose. If I . . . if you could please give me a call at 866-837-6262. Hit prompt 1 when the machine comes on and extension 4559. *His* file number is 10380929. Thank you. (emphasis added).

35. Delelles violated 15 U.S.C. § 1692b on or about June 9, 2011 because Delelles willfully communicated with a third party without following the procedures outlined in 15 U.S.C. § 1692b(1)—(6).

36. Delelles violated 15 U.S.C. § 1692c(b) on or about June 9, 2011 because Delelles willfully communicated with a third party in connection with the collection of a debt and in an attempt to collect a debt from Plaintiff without the consent of Plaintiff.

37. Delelles violated 15 U.S.C. § 1692d on or about June 9, 2011 because Delelles willfully engaged in the conduct with the intent to annoy, abuse and harass Plaintiff.

38. On or about June 9, 2011, Plaintiff wrote a letter to BLG to dispute the debt, request verification thereof, and to request that BLG cease all telephonic communications with Plaintiff at work and at his home. *See* Exhibit 1.

39. Plaintiff sent this letter to BLG on June 10, 2011 via facsimile. *See* Exhibit 2.

40. On or about June 13, 2011, Plaintiff received a voicemail at his place of employment from Delelles in an attempt to collect a debt from Plaintiff.

41. Delelles said the following in the voicemail that was left for Plaintiff at his place of employment on or about June 13, 2011:

6

> For Jacob. Jacob, this is Robert calling from Brachfeld Law Group. I'm a little concerned on why you're not returning my phone call. I did contact your *payroll department* decided to move forward on this. I really don't know what your plans are and why you're not returning any phone calls. It's just mind boggling to me. Phone number here is 866-837-6262. Hit prompt one when the machine comes on extension 4559 so we can let you know how the process is going. Looks like you (unintelligible). You might want to give me a call so we can get this taken care of. The law requires me that that I advise you this is an attempt to collect a debt. Any information obtained will be used for that purpose. If you have an attorney, you may want him to give me a call so we can get the ball rolling on all this stuff we got going here. Thank you and good luck to you. (emphasis added).

42. Again, at no time was there a judgment against Plaintiff for the debt owed to Citibank, which would allow Delelles or BLG to garnish Plaintiff's wages.

43. Based upon information and belief, BLG does not commence lawsuits against consumers in the state of Minnesota and BLG did not intend to invoke any specific remedy against Plaintiff.

44. On or about June 13, 2011, Delelles left a voicemail at Plaintiff's home residence in an attempt to collect a debt from Plaintiff.

45. Delelles violated 15 U.S.C. § 169c(a)(1) on or about June 13, 2011 because Delelles continued to communicate with Plaintiff at work after Delelles and BLG knew or should have known that is was inconvenient for Plaintiff to receive telephone calls at work.

46. Delelles violated 15 U.S.C. § 1692c(c) on or about June 13, 2011 because Delelles failed to cease communications with Plaintiff at work after Delelles and BLG

7

received a letter from Plaintiff that requested that BLG cease all telephonic communications with Plaintiff.

47. Delelles violated 15 U.S.C. § 1692d on or about June 13, 2011 because Delelles engaged in conduct the likely consequence of which was to harass, abuse and annoy Plaintiff.

48. Delelles violated 15 U.S.C. § 1692e(2)(A) on or about June 13, 2011 because Delelles misrepresented the character and legal status of the debt allegedly owed by Plaintiff.

49. Delelles violated 15 U.S.C. § 1692e(5) on or about June 13, 2011 because Delelles threatened to take an action against Plaintiff that could not legally be taken and that was not intended to be taken.

50. Delelles violated 15 U.S.C. § 1692e(10) on or about June 13, 2011 because Delelles employed false and deceptive means in an attempt to collect a debt from Plaintiff.

51. On or about June 13, 2011, Casey Fox ("Fox"), who was employed by BLG as a debt collector at all times relevant herein, communicated with Plaintiff by leaving an automated message for Plaintiff at Plaintiff's home in an attempt to collect a debt from Plaintiff in violation of 15 U.S.C. § 1692c(c) because Plaintiff has written a letter to BLG requesting that BLG cease all telephonic communications with Plaintiff.

52. Fox violated 15 U.S.C. § 1692d on June 13, 2011 because Fox engaged in conduct with the purpose and intent to harass, abuse and annoy Plaintiff.

53. On or about June 20, 2011, Delelles communicated with Plaintiff by a leaving telephonic message for Plaintiff at his place of employment in violation 15 U.S.C. § 1692c(c) because Delelles failed to cease telephonic communications with Plaintiff after Delelles and BLG received a letter from Plaintiff requesting that BLG cease all telephonic communications with Plaintiff.

54. Delelles violated 15 U.S.C. § 1692d because Delelles engage in conduct with the purpose and intent to annoy, abuse and harass Plaintiff.

55. On or about June 17, 2011, Delelles communicated with Plaintiff's co-worker, Carol Paulson, in connection with the collection of a debt and in an attempt to collect a debt from Plaintiff.

56. Delelles left the following voicemail on or about June 17, 2011 for Plaintiff's co-worker, Carol Paulson:

> Hi. This message is for Jacob Geiselhart. My name is Robert. I'm calling from Brachfeld Law Group, Columbus, Ohio. Would you please have him give us a call at 866-837-6262? Hit prompt one when the machine comes on and then extension 4559.

57. On or about June 17, 2011, Delelles left a second telephonic message with Plaintiff in an attempt to collect a debt from Plaintiff by leaving the message on Plaintiff's home telephone.

58. Delelles violated 15 U.S.C. § 1692b on or about June 17, 2011 because Delelles communicated with a third party without following the procedures outlined in 15 U.S.C. § 1692b(1)—(6).

59. Delelles violated 15 U.S.C. § 1692c(b) on or about June 17, 2011 because Delelles communicated with a third party in connection with the collection of a debt without the consent of Plaintiff.

60. Delelles violated 15 U.S.C. § 1692c(c) on or about June 17, 2011 because Delelles failed to cease telephonic communications with Plaintiff after Delelles and BLG received a letter from Plaintiff that requested that BLG cease all telephonic communications with Plaintiff.

61. Delelles violated 15 U.S.C. § 1692d on or about June 17, 2011 because Delelles engaged in conduct with the purpose and intent to annoy abuse and harass Plaintiff.

62. On or about June 20, 2011, Plaintiff received a letter from BLG. The letter that Plaintiff received from BLG on or about June 20, 2011 was dated June 13, 2011. *See* Exhibit 1.

63. The letter dated June 13, 2011, which Plaintiff received on June 20, 2011 stated the following:

> Although we are a law firm, lawyers may also be debt collectors, and *we operating only as a debt collector and not in any legal capacity at this time*. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. *Attorneys in this firm are only licensed in California and we do not sue in any other state*. Moreover, because we are not acting in any legal capacity at this time, this Letter should not be construed as a threat of suit by our client, as no such decision has been made by our client.
>
> *See* Exhibit 1. (emphasis added).

64. On or about June 21, 2011, Plaintiff received another telephonic message from a debt collector who was employed by BLG at all time relevant herein.

65. The debt collector said the following during the telephonic message:

> This message is meant solely for Jacob Geiselhart. My name is Mrs. Rucker calling from Brachfeld Law Group here in the *pre-legal department*. Have to advise you right away . . . right away by law that this is has been an attempt to collect a debt and any information obtained will be used for that purpose. We've been trying to reach you for several weeks and do need a response back at 866-598-9375, extension 4530. Thank you. (emphasis added)

66. Mrs. Rucker violated 15 U.S.C. § 1692c(c) on or about June 21, 2011 because Mrs. Rucker communicated telephonically with Plaintiff at work in connection with the collection of a debt after BLG had received a letter from Plaintiff that requested that BLG cease all telephonic communications with Plaintiff.

67. Mrs. Rucker violated 15 U.S.C. § 1692d on or about June 21, 2011 because Mrs. Rucker engaged in conduct with the purpose and intent to harass, annoy and abuse Plaintiff.

68. Mrs. Rucker violated 15 U.S.C. § 1692e(2)(A), 1692e(5), 1692e(10) on or about June 21, 2011 because Mrs. Rucker represented and implied that a lawsuit was going to be commenced by BLG even though BLG specifically stated in their letter dated June 13, 2011 that they were not acting in any type of legal capacity in regard to the collection of the debt allegedly owed by Plaintiff.

69. On or about June 21, 2011 and June 22, 2011, Delelles left telephonic messages in an attempt to collect a debt from Plaintiff at Plaintiff's place of employment.

11

70. Delelles violated 15 U.S.C. § 1692c(c) on or about June 21, 2011 and June 22, 2011 because Delelles communicated with Plaintiff in connection with the collection of a debt after Delles and BLG had received a letter from Plaintiff that requested that BLG cease all telephonic communications with Plaintiff.

71. Delelles violated 15 U.S.C. § 1692d on or about June 21, 2011 and June 22, 2011 because Delelles engaged in conduct with the purpose and intent to annoy, harass and abuse Plaintiff.

72. BLG's conduct of willfully and repeatedly harassing Plaintiff at work and at home caused Plaintiff actual damages under the FDCPA in the form of emotional distress damages, which include but are not limited to, humiliation, anxiety, and stress at home and at Plaintiff's work.

73. Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of BLG's willful acts and omissions.

### *Respondeat Superior Liability*

74. The acts and omissions of BLG's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of their agency relationship with their principal, BLG.

75. The acts and omissions by BLG's employee(s) were incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by BLG in collecting consumer debts.

76. By committing these acts and omissions against Plaintiff, BLG's employee(s) were motivated to benefit their principal, BLG.

77. Defendant BLG is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

78. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

79. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

80. The foregoing acts of the Defendants constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq*.

81. As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

82. As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

83. As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendants, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

84. Plaintiff incorporates by reference each and every above paragraph as though fully stated herein.

85. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> *Abusive debt collection practices contribute* to the number of personal bankruptcies, to marital instability, to the loss of jobs, and *to invasions of individual privacy*.
>
> 15 U.S.C. § 1692(a) (emphasis added).

86. Defendant BLG intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff.

87. Defendant BLG intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

88. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns or affairs.

89. The conduct of Defendant BLG in engaging in the above-described illegal attempts to collect this debt resulted in multiple intrusions and invasions of privacy by Defendant BLG, which occurred in a way that would be highly offensive to a reasonable person in that position.

90. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant BLG under the doctrine of Respondeat Superior liability.

## COUNT III.

## INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

91. Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

92. Defendant BLG published a private fact of Plaintiff by disclosing to Plaintiff's co-workers that Plaintiff owed a debt.

93. Defendant BLG's publication of a private fact was about Plaintiff.

94. Defendant BLG disclosed a true but private fact.

95. Defendant BLG's publication of a private fact about Plaintiff was of a kind and was expressed in a manner that would be offensive to a reasonable person; and

96. Defendant BLG's publication of a private fact about Plaintiff caused harm to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendants, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendants herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

### COUNT II: INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- For an award of actual and compensatory damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in a reasonable amount in excess of $50,000.00; and
- For such other and further relief from Defendants as may be just and proper.

### COUNT III: INVASION OF PRIVACY BY PUBLIC DISCLOSURE OF PRIVATE FACTS

- For an award of actual and compensatory damages from Defendants for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in a reasonable amount in excess of $50,000.00; and
- For such other and further relief from Defendants as may be just and proper.

Dated: July 12, 2011. **MARSO AND MICHELSON, P.A.**

By: s/Patrick L. Hayes
Patrick L. Hayes (0389869)
William C. Michelson (129823)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com